JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| BET INVESTMENTS, INC. and BT DRYDEN, LP | GREAT NORTHERN INSURANCE COMPANY, a corporation |

**(b)** County of Residence of First Listed Plaintiff   **Montgomery County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Philadelphia Cty**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
DANIEL M. BROWN, ESQ., PO Box 2903, Hartford, CT 06104 (mailing address)
10 Sentry Pkwy, Suite 301, Blue Bell, PA  19422 (physical address)
215-274-1716

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☒ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1331; 28 U.S.C § 2201; 18 U.S.C. § 1391(a)

Brief description of cause:
Declaratory Judgment seeking declaration that Defendant provide coverage to underlying party.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
3/08/2021

SIGNATURE OF ATTORNEY OF RECORD
//Daniel M. Brown

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _ BET 200 Witmer Rd., Suite 200, Horsham, Montgomery Cty, PA 19044 _____

Address of Defendant: BT Dryden, LP, 200 Dryden Rd, Suite 2000, Dresher, PA 19025
1600 John F. Kennedy Blvd., Suite 500, Philadelphia, PA 19103

Place of Accident, Incident or Transaction: 200 Dryden Road, Dresher, PA 19025 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?                Yes ☐    No ☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☒

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?                Yes ☐    No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/08/2021 _____    *//Daniel M. Brown* _____    59638 _____

                                             *Attorney-at-Law / Pro Se Plaintiff*                 *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*                **B.**    *Diversity Jurisdiction Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts        ☒  1.  Insurance Contract and Other Contracts
☐  2.  FELA                                    ☐  2.  Airplane Personal Injury
☐  3.  Jones Act-Personal Injury                        ☐  3.  Assault, Defamation
☐  4.  Antitrust                                ☐  4.  Marine Personal Injury
☐  5.  Patent                                ☐  5.  Motor Vehicle Personal Injury
☐  6.  Labor-Management Relations                    ☐  6.  Other Personal Injury *(Please specify)*: _____
☐  7.  Civil Rights                            ☐  7.  Products Liability
☐  8.  Habeas Corpus                            ☐  8.  Products Liability – Asbestos
☐  9.  Securities Act(s) Cases                        ☐  9.  All other Diversity Cases
☐  10.  Social Security Review Cases                            *(Please specify)*: _____
☐  11.  All other Federal Question Cases
    *(Please specify)*: _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐  Relief other than monetary damages is sought.

DATE: _____    Sign here if applicable _____    _____

                                             *Attorney-at-Law / Pro Se Plaintiff*                 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| BET INVESTMENTS, INC. and<br>BT DRYDEN, LP | : | CIVIL ACTION |
| v. | : | |
| GREAT NORTHERN INSURANCE COMPANY,<br>a corporation | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (x )

| | | |
|---|---|---|
| 03/08/2021 | Daniel M. Brown  //*Daniel M. Brown* | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-274-1716 | 215-833-4262 | dbrown9@travelers.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BET INVESTMENTS, INC and** | : | |
| **BT DRYDEN, LP,** | : | |
| | : | **NO.** |
| **Plaintiffs,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **GREAT NORTHERN INSURANCE** | : | |
| **COMPANY, a corporation** | : | |
| | : | |
| **Defendant.** | : | |

## <u>COMPLAINT FOR DECLARATORY JUDGMENT</u>

Plaintiffs, BET Investments, Inc. ("BET") and BT Dryden, LP ("BT Dryden") (collectively, the "BET Plaintiffs"), by and through counsel, Daniel M. Brown, Esquire and William J. Ferren and Associates, hereby files its Complaint for Declaratory Judgment averring as follows:

## <u>INTRODUCTION</u>

1.      This complaint is filed pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure.

2.      In this action, BET Plaintiffs seeks a declaration that Defendant, Great Northern Insurance Company ("Great Northern"), was obligated to defend and indemnify BET Plaintiffs in connection with an underlying bodily injury action, entitled *Rosanna Luchin and Jonathan Luchin vs. BT Dryden, LP; BT Dryden GP, LLC and BET Investments, Inc.,* Case  Number 2019-04121 ("*Luchin suit*") brought in the Court of Common Pleas of Montgomery County, Commonwealth of Pennsylvania ("Underlying Action") and due to its breach of that obligation,

must reimburse The Charter Oak Fire Insurance Company ("Charter Oak") for all defense and indemnity costs incurred on behalf of BET Plaintiffs in the Underlying Action.

3.      BET is a Pennsylvania corporation, organized and existing under the laws of the Commonwealth of Pennsylvania with a registered business address at 200 Witmer Rd., Suite 200, Horsham, Montgomery County, Pennsylvania, 19044.

4.      BT Dryden, LP is a limited liability partnership formed in the Commonwealth of Pennsylvania with its principal place of business address is 200 Dryden Road, Suite 2000, Dresher, PA 19025.

5.      Great Northern is a New Jersey corporation, organized and existing under the laws of the State of New Jersey with a registered business address at 1600 John F. Kennedy Blvd., Suite #500, Philadelphia County, Pennsylvania, 19103 and is engaged in the business of issuing policies of liability in this Commonwealth.

6.      At all times relevant hereto, Defendant Great Northern regularly conducts business in Montgomery County, Pennsylvania.

7.      In the *Luchin suit*, Plaintiff Rosanna seeks relief in an amount in excess of $75,000, having made a demand of $250,000.00.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action under 28 U.S.C. § 1331 because the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      This Court also has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

10.     Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because a substantial part of the acts and omissions giving rise to this action occurred in this district.

11.     At all times relevant hereto, Defendant Great Northern regularly conducted business in the County of Montgomery, Pennsylvania, located in this district.

## BACKGROUND FACTS

12.     At all times relevant herein, BT Dryden owned the premises located at 200 Dryden Road, Dresher, Pennsylvania, 19025, BT Dryden purchased the property and was the successor to Montgomery Corporate Center, Inc.; which property was the subject of the *Luchin suit*, described below.  A true and correct copy of the Assignment of Leases is attached hereto as Exhibit "A".

13.     At all times relevant herein, Ascensus, Inc. ("Ascensus") is a tenant under the Amended and Restated Lease Agreement between Montgomery Corporate Center, Inc. and Ascensus, Inc., effective January 31, 2013, operates the cafeteria, and is responsible for the maintenance of the area where the incident occurred.   A true and correct copy of the Amended and Restated Lease Agreement is attached hereto as Exhibit "B".

14.     At all times relevant herein, upon information and belief, under Section 10.1 of the Amended and Restated Lease Agreement – Tenant Insurance, Ascensus is to name the Landlord and Property Manager as Insureds on a primary basis for any loss arising from the use or occupancy of the premises.

15.     At all times relevant herein, BET acted as a property manager of property listed in the *Luchin suit* located at 200 Dryden Rd., Dresher, Pennsylvania, 19025.

16.     At all times relevant herein, BET and Branch Valley Services ("Branch Valley") entered into a certain Letter of Agreement, dated September 5, 2017, where Branch Valley acted as a contractor of real estate located at 200 Dryden Rd., Dresher, Pennsylvania, 19025. A true and correct copy of the Snow Removal Contract is attached hereto as Exhibit "C".

17.     At all times relevant herein, upon information and belief, Great Northern issued a certain policy to its named insured, Ascensus. A true and correct copy of the policy is attached hereto as Exhibit "D".

18.     At all times relevant herein, upon information and belief, per the Great Northern policy, Plaintiffs are deemed "an insured" per the "Who is an Insured – Lessors of Premises" section, "Persons or organizations from whom you lease premises are Insureds only with respect to the ownership, maintenance or use of that particular part of such premises leases to you and only if you are contractually obligated to provide them with such insurance as is afforded by this contract."

19.     At all times relevant herein, Charter Oak issued a certain policy, YO630-526D2290, to its named insured BET, effective June 30, 2017 to June 30, 2018.

## UNDERLYING SUIT

20.     On March 8, 2018, Rosanna Luchin and Jonathan Luchin ("Luchin Plaintiffs") filed a Complaint against BT Dryden LP, BT Dryden GP, LLC, and BET Investments, Inc., in the Court of Common Pleas of Montgomery County, State of Pennsylvania, Docket No. 2019-04121 ("*Luchin suit*"). A true and correct copy of the Complaint is attached hereto as Exhibit "E".

21.     The Complaint alleges that on or about December 19, 2017, Plaintiff Rosanna Luchin ("Rosanna") was on the premises located at 200 Dryden Rd., Suite 200, Dresher, Pennsylvania as an employee of American Realty Capital ("ARC"),  a tenant in the building when she was walking in the hallway to the cafeteria and was caused to slip and fall due to a hazardous condition and sustaining severe and permanent injuries. *See* Exhibit "E" at ¶¶12.

22.     The accident allegedly caused Rosanna to sustain severe and permanent injuries,

4

including, without limitation, right radial neck fracture, right wrist DRUJ injury, significant amount of pain, muscle weakness, decreased range of motion and decreased strength to her right shoulder, elbow, wrist and hand; injury to her knee; and other soft tissue and related injuries, pain and suffering. *See* Exhibit "E" at ¶¶16.

23.     Count I of the *Luchin* Complaint is brought against all Defendants sounding in negligence and seeking to recover damages for Plaintiff's injuries. It is alleged that all Defendants were responsible for the maintenance, care, supervision, repair and oversight of the premises. *See* Exhibit "E" at ¶¶13-21.

24.     Count II of the *Luchin* Complaint is brought against all Defendants by Plaintiff Jonathan Luchin sounding in loss of consortium and seeking to recover damages for Plaintiff Rosanna's injuries.  It is alleged that as a direct and proximate result of Defendants' negligence, Jonathan Luchin has lost the consortium, society, companionship and services of his spouse, Rosanna. *See* Exhibit "E" at ¶¶22-23.

25.     On or about January 14, 2020, the Plaintiffs filed an Amended Complaint adding Ascensus, Inc as a named Defendant. A true and correct copy of Amended Complaint is attached hereto as Exhibit "F".

26.     Charter Oak, as insurer for BET, has expended in excess of $13,375.23 to date in connection with the defense of the *Luchin suit*, which includes but is not limited to, attorneys' fees, costs and expenses.

## TENDER TO GREAT NORTHERN

27.     On or around December 10, 2019, Charter Oak, on behalf of Plaintiffs, by email to Ascensus' attorney, tendered the defense and indemnity of the *Luchin suit* to Ascensus.  A true and correct copy of the tender letter is attached hereto as Exhibit "G".

28.     On January 7, 2020, Charter Oak, by email to Ascensus' attorney requesting the status on the tender request.

29.     On or about February 3, 2020, Charter Oak received verbal notice that Ascensus has denied the tender request at this time.

30.     On July 1, 2020, Charter Oak, called Great Northern and left a voicemail requesting an update on the status of any negotiation, reason for tender denial.

31.     On or about August 10, 2020, Charter Oak spoke with Great Northern representative regarding the status and was told that it was pending information from Great Northern defense counsel.

32.     In or around September 2020 and October 2020, Charter Oak requested a copy of Ascensus' Great Northern policy.

33.     To date there has been no response from Ascensus or Great Northern regarding our tender request.

## COUNT I – DECLARATORY JUDGMENT

34.     Upon information and belief, BET Plaintiffs qualified as named insureds on the Great Northern Policy.

35.     Upon information and belief, the General Liability Coverage Form of the Great Northern CGL states that the words "you" and "your" refer to the Named Insured shown in the Declarations and any other person or organization qualifying as a Named Inured under this contract. In addition to the Named Insured, other persons or organizations may qualify as "Insureds". Those persons or organizations and the conditions under which they qualify are identified in the "Who is An Insured" section of this contract.

36.     Upon information and belief, the Coverages section of the Great Northern CGL

provides:

> a. We will pay damages that the Insured becomes legally obligated to pay by reason of liability imposed by law or assumed in an insured contract for "bodily injury" or "property damage" caused by an occurrence to which this coverage applies. Damages for "bodily injury" includes damages claimed by a person or organization for care or loss of services resulting at any time from the "bodily injury."

37.    Upon information and belief, the Coverages section of the Great Northern CGL states: "Who is an Insured – Additional Insured – Schedule Person or Organization"… "Persons or organizations shown in the Schedule are Insureds…for activities that did not occur, in whole or in part, before the execution of the contract or agreement; and with respect to damages, loss, cost of expense for injury or damage to which this insurance applies."

## **BASIS FOR RELIEF**

38.    BET Plaintiffs realleges and incorporates herein by reference each and every allegation contained in paragraph 1 through 37, inclusive, as though fully set forth herein.

39.    Charter Oak tendered the *Luchin suit*, on behalf of BET Plaintiffs, to Great Northern, asserting that Great Northern owed a duty to defend and indemnify BET Plaintiffs under the Great Northern policy on a primary and non-contributory basis.

40.    Upon information and belief, the terms of the Great Northern policy required that Great Northern defend BET Plaintiffs as insureds under Section II of its policy.

41.    Upon information and belief, under the Great Northern CGL policy, BET Plaintiffs qualifies as "insureds" under the Conditions section "Other Insurance – Primary

Insurance" states, "This insurance is primary except when the Excess Insurance…" it is further believed that the Excess Insurance does not apply to BET Plaintiffs.

42.     Great Northern had a duty to defend BET Plaintiffs as insureds under its policy from the date of tender on December 10, 2019 and had a continuing duty to defend it in the *Luchin* suit.

43.     Great Northern has a duty to indemnify BET Plaintiffs with respect to the *Luchin* suit.

44.     A judicial declaration is necessary and appropriate at this time to determine the respective rights and duties of the parties and to determine Great Northern responsibility for BET Plaintiffs' defense fees and costs, and the settlement amount with respect to the *Luchin suit*.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, for the reasons set forth above, BET prays that the Court find and declare that Great Northern owes BET Plaintiffs the duty to defend and duty to indemnify it in the *Luchin suit* on a primary and non-contributory basis.

WILLIAM J. FERREN & ASSOCIATES

//s// *Daniel M. Brown*

BY:_____

          Daniel M. Brown
          Attorney for plaintiffs
          Atty ID #: 59638
          PO Box 2903
          Hartford, CT  06104
          215-274-1716
          Dbrown9@travelers.com