## ASSIGNMENT OF LEASES

THIS ASSIGNMENT OF LEASES ("Assignment") is made as of January 22, 2016, by and between **Montgomery Corporate Center, Inc.**, a California corporation ("Assignor"), and **BT Dryden, LP**, a Pennsylvania limited partnership ("Assignee").

## R E C I T A L S:

A. Concurrently with the delivery of this Assignment, Assignor has conveyed to Assignee and Assignee has acquired from Assignor a leasehold estate in and to certain real property located at 200 Dryden Road, in the City of Dresher, in the Upper Dublin Township, County of Montgomery, Commonwealth of Pennsylvania, more particularly described in **Exhibit "A"** attached hereto (the "Real Property") pursuant to that certain Purchase and Sale Agreement and Escrow Instructions dated December 14, 2015 (the "Purchase Agreement").

B. Pursuant to the Purchase Agreement, Assignor is to assign to Assignee and Assignee is to assume certain rights and obligations under those certain leases affecting the Property as amended or modified (collectively, the "Leases"), which Leases are more particularly described in **Exhibit "B"** attached hereto and incorporated herein by this reference.

NOW, THEREFORE, Assignor and Assignee agree as follows:

## ARTICLE I

## ASSIGNMENT OF LEASES

1.1   Assignment.  Assignor hereby assigns to Assignee all of Assignor's right, title and interest in and to all Leases affecting the Property as of the Effective Date (hereafter defined).

1.2   Assumption.  Assignee hereby accepts the foregoing assignment, and agrees, from and after the Effective Date, to assume and be responsible for and agrees to timely keep, perform and discharge all of the obligations of the lessor under the Leases that first accrue from and after the Effective Date.

1.3   Indemnity.  Subject to the provisions of this Section 1.3, this Assignment and its acceptance by Assignee shall not impose any liability on Assignee for any default by Assignor under the Leases occurring prior to the Effective Date.  Assignor shall indemnify, protect, defend and hold Assignee harmless from any and all losses, demands, damages, claims, liabilities, costs and expenses, including, but not limited to, attorneys' fees arising out of or in connection with any default by Assignor under the Leases occurring prior to the Effective Date (the "Assignor Indemnity"); provided, however, the Assignor Indemnity shall expire and be of no further force or effect nine (9) months following the Effective Date, provided that Assignee shall have commenced an action to enforce the Assignor Indemnity prior to the expiration of such nine (9) month period.  In no event shall Assignee be permitted to bring an action to enforce the Assignor Indemnity unless the damage to Assignee on account of such Assignor Indemnity equals or exceeds Twenty-Five Thousand Dollars ($25,000.00) in the aggregate and in no event shall the maximum total liability on account of the Assignor Indemnity exceed Seven Hundred Fifty

Thousand Dollars ($750,000.00) in the aggregate. Assignee hereby waives any claim for any Assignor Indemnity for which an action is not commenced within said nine (9) month period. Assignee shall indemnify, protect, defend and hold Assignor harmless from any and all losses, damages, claims, liabilities, costs and expenses including, without limitation, attorneys' fees, arising out of or in connection with any default by Assignee under the Leases that occurs on or after the Effective Date.

      1.4    Effective Date. The "Effective Date" of this Assignment shall be the date that Assignee acquires the Real Property.

      1.5    Consistency with Purchase Agreement. Nothing in this Assignment shall be construed to modify or limit any provisions of the Purchase Agreement and in the event of any inconsistency between this Assignment and the Purchase Agreement, the Purchase Agreement shall control.

      1.6    PDI Letter of Credit. Assignor represents and warrants to Assignee that the documents attached as **Exhibit "C"** constitute a true, complete and correct version of that Irrevocable Letter of Credit together with all amendments (collectively, the "LC") that has been delivered to Assignor and posted by PDI, Inc. as its security deposit pursuant to its Lease Agreement with Assignor dated October 26, 2004, as amended; Assignor has received no written notice that such LC has expired or was terminated; and to Assignor's actual knowledge, the LC is in full force and effect. Assignor and Assignee shall execute and deliver any applicable transfer form(s) in connection with the transfer of the LC to make Assignee the beneficiary thereunder, and Assignor shall cooperate with Assignee in good faith to endeavor to effectuate transfer of the LC in favor of Assignee as soon as practicable after the Effective Date. Assignee shall be responsible for paying, or causing to be paid, all transfer fees to the extent applicable.

ARTICLE II

MISCELLANEOUS

      2.1    Attorneys' Fees. In the event of any action between Assignor and Assignee seeking enforcement of any of the terms and conditions to this Assignment, the prevailing party in such action, whether by fixed judgment or settlement, shall be entitled to recover, in addition to damages, injunctive or other relief, its actual costs and expenses, including, but not limited to, actual attorneys' fees, court costs and expert witness fees.

      2.2    Inurement. This Assignment shall inure to the benefit of Assignor and Assignee, and their respective heirs, assigns and successors in interest.

      2.3    Counterparts. This Assignment may be signed by the parties in different counterparts and the signature pages combined to create a document binding on all parties.

      2.4    Governing Law. This Assignment shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania.

[THE REMAINDER OF THIS PAGE WAS INTENTIONALLY LEFT BLANK. SIGNATURES FOLLOW.]

IN WITNESS WHEREOF, the parties have executed this Assignment as of the day and year first above written.

        **Montgomery Corporate Center, Inc., a California corporation**

By: *(signed)*
Name: Michael J. Everly
Title: Authorized Signatory

        "Assignor"

**BT Dryden, LP,**
a Pennsylvania limited partnership

By:    BT Dryden GP, LLC,
         a Pennsylvania limited liability company,
         its General Partner

        By:_____
            Michael P. Markman, Manager

        "Assignee"

IN WITNESS WHEREOF, the parties have executed this Assignment as of the day and year first above written.

**Montgomery Corporate Center, Inc., a California corporation**

By:_____
Name:_____
Title:_____

"Assignor"

**BT Dryden, LP,**
a Pennsylvania limited partnership

By:   BT Dryden GP, LLC,
      a Pennsylvania limited liability company,
      its General Partner

      By: _/s/ MM_____
          Michael P. Markman, Manager

"Assignee"

Case 2:21-cv-01106-KSM   Document 1-1   Filed 03/08/21   Page 5 of 13

# EXHIBIT "A"

## LEGAL DESCRIPTION OF REAL PROPERTY

ALL THAT CERTAIN piece or parcel of ground located in Upper Dublin Township, Montgomery County, Pennsylvania being identified as TMP 54 00 16675 00 2 (formerly known as Block 12, Lot 2) as shown on a plan entitled in part "ALTA/ACSM Land Title Survey for Fort Washington Phase II Associates, L.P.," as prepared by Van Cleef Engineering Associates dated February 18, 2005 and more particularly described as follows:

BEGINNING at a point, said point being a common corner between Block 12, Lots 2 and 3 at its intersection with the Westerly sideline of Welsh Road and running thence; (1) along the Westerly sideline of Welsh Road the following 8 courses, South 53 degrees 45 minutes 58 seconds East a distance of 203.56 feet to a concrete monument to be set, (2) thence, North 36 degrees 14 minutes 02 seconds East a distance of 16.70 feet to a concrete monument to be set, (3) thence, South 53 degrees 42 minutes 02 seconds East a distance of 240.00 feet to a concrete monument to be set, (4) thence, North 36 degrees 17 minutes 58 seconds East a distance of 5.00 feet to a concrete monument to be set, (5) thence, South 53 degrees 42 minutes 02 seconds East a distance of 250.00 feet to a concrete monument to be set, (6) thence, South 36 degrees 17 minutes 58 seconds West a distance of 10.00 feet to a concrete monument to be set; (7) thence, South 53 degrees 42 minutes 02 seconds East a distance of 116.16 feet to a point, (8) thence, South 54 degrees 16 minutes 02 seconds East a distance of 301.24 feet to a point, (9) thence, along a common line between Block 12, Lots 2 and 1 and the following 10 courses, South 36 degrees 45 minutes 47 seconds West a distance of 428.42 feet to a point, (10) thence, North 38 degrees 57 minutes 41 seconds West a distance of 133.37 feet to a point of curvature, (11) thence, on curve to the left, having a radius of 250.00 feet, a length of 327.87 feet and whose chord bears North 76 degrees 31 minutes 58 seconds West a distance of 304.87 feet to a point of tangency, (12) thence, South 65 degrees 53 minutes 45 seconds West a distance of 173.38 feet to a point of curvature, (13) thence, on a curve to the left, having a radius of 150.00 feet, a length of 108.75 feet and which chord bears South 45 degrees 07 minutes 33 seconds West a distance of 106.39 feet to a point of tangency, (14) thence, South 24 degrees 21 minutes 20 seconds West a distance of 229.17 feet to a point of curvature, (15) thence, on a curve to the right, having a radius of 300.00 feet, a length of 215.35 feet and whose chord bears South 44 degrees 55 minutes 12 seconds West a distance of 210.76 feet to a point of tangency, (16) thence, South 65 degrees 29 minutes 05 seconds West a distance of 188.68 feet to a point, (17) thence, on a curve to the right, having a radius of 450.00 feet, a length of 159.90 feet and whose chord bears of South 17 degrees 52 minutes 00 seconds East a distance of 159.06 feet to a point, (18) thence, on a curve to the left, having a radius of 432.00 feet, a length of 236.14 feet and which chord bears South 74 degrees 34 minutes 23 seconds West a distance of 233.21 feet, to a point, (19) thence, along a common line between Block 12, Lots 2 and 5, North 29 degrees 16 minutes 23 seconds West a distance of 384.06 feet to a point, (20) thence, along a common line between Block 12, Lots 2 and 4 at right then Lot 3, as it follow the approximate centerline of Prudential Road (private), on a curve to the left, having a radius of 650.00 feet, a length of 329.70 feet and whose chord bears North 26 degrees 41 minutes 07 seconds East a distance of 326.18 feet to a point of reverse curvature, (21) thence, along a common line between Block 12, Lots 2 and 3, as it follow the approximate centerline of Prudential Road (private), on a curve to the right, having a radius of 1,200.00 feet, a length of 515.41 feet and which chord bears North 24 degrees 27 minutes 31 seconds East a distance of 511.46 feet to a point of tangency, (22) thence, North 36 degrees 45 minutes 47 seconds East a distance of 646.29 feet to the point and place of beginning.

CONTAINING an area of 25.284 acres or 1,101,352 square feet, more or less.

BEING known as 200 Dryden Road

BEING Tax Parcel #54-00-16675-00-2.

EXHIBIT "B"

## LEASES

**Ascensus, Inc.**
Amended and Restated Lease Agreement dated January 31, 2013
First Amendment to Amended and Restated Lease Agreement dated April 6, 2015.

**American Realty Capital Advisors**
Lease Agreement dated April 30, 2014

**General Mills**
Agreement of Lease dated January 26, 2004;
First Amendment to Lease dated April 23, 2009;
Second Amendment to Lease dated October 22, 2013;

**PDI**
Agreement of Lease dated October 26, 2004;
First Amendment to Lease dated March 10, 2015.

**Kroll Bond Rating**
Lease Agreement dated July 19, 2013;
First Amendment to Lease Agreement dated April 15, 2015;
Letter dated November 9, 2015;
Letter dated November 11, 2015
Letter dated November 11, 2015;

**Complete Healthcare Resources**
Lease Agreement dated October 30, 2015

**Prudential Insurance Company of America Ground Lease**
Ground Lease dated April 16, 2001
Memo of Ground Lease dated May 11, 2001
First Amendment to Ground Lease dated December 23, 2004
Ground Lease Assignment effective January 5, 2005

**XO Communications Services, LLC**
Telecommunications License Agreement dated July 1, 2015

# EXHIBIT "C"

## PDI, INC. LETTER OF CREDIT



INTERNATIONAL DEPARTMENT

November 9, 2004

IRREVOCABLE STANDBY LETTER OF CREDIT NO. 136192040990
EXPIRATION DATE:  November 1, 2005

Fort Washington Phase II Associates, L.P.
Montgomery Corporate Center
200 Dryden Road, Building 1, Phase II
Upper Dublin, PA 19034

Re:  PDI, Inc.

Gentlemen:

We hereby establish our Irrevocable Standby Letter of Credit No. 136192040990, in favor of Fort Washington Phase II Associates, L.P., hereinafter referred to as "Beneficiary", at the request of PDI, Inc., hereinafter referred to as "Applicant", in an amount not to exceed in the aggregate Seven Hundred Thousand and 00/100 ($700,000.00) U.S. Dollars.

Funds are available by your draft on us at sight, duly endorsed on the reverse side thereof and accompanied by the following documents:

1. This original Letter of Credit and any amendments thereto.

2. A statement signed by a purported officer/representative of Beneficiary which reads:

   a) "We hereby certify that an event of default exists beyond any applicable cure period pursuant to that certain Lease Agreement by and between Fort Washington Phase II Associates, L.P., as Landlord and PDI, Inc. as Tenant."

   OR

   b) "Tenant has failed to renew or replace Commerce Bank, N.A. Letter of Credit No. DRAFT at least thirty (30) days before its expiration date and Landlord is accordingly entitled to draw upon this Letter of Credit."

It is a condition of this Letter of Credit that it will be extended automatically without amendment for additional one (1) year periods from the present expiration date unless forty-five (45) days prior to the then current expiration date, we notify you in writing by overnight courier, at the above address, that we elect not to renew this Letter of Credit for said additional period.

Upon receipt by you of such notice, you may draw thereunder by your draft on us, payable at sight, in an amount up to the then current available outstanding balance.

Partial drawings are permitted.

This Letter of Credit is transferable in its entirety, but not in part.  Transfer of this Letter of Credit is subject to receipt of our transfer fee and instruction on the form attached hereto as Exhibit A, accompanied by the original Letter of Credit.

6000 Atrium Way
2nd Floor
Mount Laurel, NJ 08054
888/751-9000
FAX: 856/533-6525
SWIFT: CBNAUS33



INTERNATIONAL DEPARTMENT

November 9, 2004
Irrevocable Letter of Credit No. 136192040990
Page-2

Each draft must bear upon its face the clause "Drawn under Commerce Bank, N.A. Irrevocable Letter of Credit No. 136192040990 dated November 9, 2004."

This Letter of Credit sets forth in full the terms of our undertaking and such undertaking shall not in any way be modified, amended or amplified by reference to any documents, instrument or contract referred to herein or in which this Letter of Credit is referred to or to which this Letter of credit relates; and any such reference shall not be deemed to incorporate herein by reference any documents, instruments or contract.

We hereby agree that draft(s) drawn under and in compliance with the terms of this Letter of Credit will be duly honored upon presentation and delivery of documents as specified above, if presented at our office located at 6000 Atrium Way, Mt. Laurel, NJ 08054 on or before the expiration date noted above or any extended date.

Except so far as otherwise expressly stated herein, this Letter of Credit is subject to the "Uniform Customs and Practice for Documentary Credits (1993 Revision) International Chamber of Commerce, Brochure No. 500."

Very truly yours,

COMMERCE BANK, N.A.

*Darleen M. Strieffler*

Darleen M. Strieffler
Assistant Vice President

PDI 136192040990

6000 Atrium Way
2nd Floor
Mount Laurel, NJ 08054
888/751-9000
FAX: 856/533-6525
SWIFT: CBNAUS33



INTERNATIONAL DEPARTMENT

EXHIBIT "A"

REQUEST FORM FOR FULL TRANSFER

Commerce Bank, N. A.
6000 Atrium Way
Mt. Laurel, NJ 08054

Attention:     International Department

Re:     Letter of Credit No. _____     Your Ref: _____

Gentlemen:

For value received, the undersigned Beneficiary irrevocably transfers to:

(Name of Transferee) _____

(Address) _____
           _____

the referenced Letter of Credit and all rights of the undersigned beneficiary to draw thereunder in its entirety or up to the remaining available balance if prior drawings have been made under the Letter of Credit and any amounts thereof have not been reinstated.

By this transfer of the referenced Letter of Credit, all rights of the undersigned Beneficiary in such Letter of Credit are transferred to the transferee who shall have the sole rights as beneficiary thereof, including sole rights to any amendments whether now existing or hereafter made. All amendments are to be advised directly to the transferee without necessity of any consent of or notice to the undersigned beneficiary.

We are returning the original Letter of Credit to you herewith in order that you may deliver it to transferee together with your customary letter of transfer.

Transfer charges are for the beneficiary's account. Enclosed is our check in the amount of _____ representing 1/4 of 1% of the Letter of Credit amount. (Note: Minimum fee is $100).

Very truly yours,


_____                    SIGNATURE AUTHENTICATED
(Beneficiary)


_____                    _____
(Authorized Signature)                         (Bank)

                                               _____
                                               (Authorized Signature)

                                                               6000 Atrium Way
                                                                    2nd Floor
                                                          Mount Laurel, NJ 08054
                                                                  888/751-9000
                                                            FAX: 856/533-6525
                                                            SWIFT: CBNAUS33



INTERNATIONAL DEPARTMENT

April 11, 2007

IRREVOCABLE LETTER OF CREDIT NO. 136192040990
AMENDMENT NO. 1
EXPIRATION DATE: November 1, 2007

Montgomery Corporate Center, Inc.
A California Corporation
C/o CB Richard Ellis
865 South Figueroa, Suite 3500
Los Angeles, CA 90017
Attn: Mike Everly

RECEIVED AND ACCEPTED:
BY: _____
(NAME) Michael J. Everly
Authorized Signatory  4/24/07
(DATE)

Re:   PDI, Inc.

Ladies & Gentlemen:

Effective immediately, we hereby amend our Irrevocable Standby Letter of Credit No. 136192040990, as follows:

1.   The amount of Letter of Credit is hereby reduced to $500,000.00

All other terms and conditions of Letter of Credit to remain the same.

The Beneficiary hereof must show acceptance of this Amendment by signing the enclosed copy of the same and returning such signed copy in the enclosed, pre-addressed, postage-paid envelope.

Kindly address all correspondence regarding this Letter of Credit to the attention of our International Department, Letter of Credit Section, 6000 Atrium Way, Mt. Laurel, NJ 08054, mentioning our letter of credit number as it appears above.

Very truly yours,

COMMERCE BANK, N. A.

Darleen M. Strieffler
Assistant Vice President

amend\Pdi 136192040990

COPY

6000 Atrium Way
2nd Floor
Mount Laurel, NJ 08054
888/751-9000
FAX: 856/533-6525
SWIFT: CBNAUS33



**Bank**

America's Most Convenient Bank®

TD Bank, N.A.
6000 Atrium Way
2nd Floor
Mount Laurel, NJ 08054
T: 888 751-9000 F: 856 533-6525
SWIFT:CBNAUS33

November 24, 2008

IRREVOCABLE LETTER OF CREDIT NO. 136192040990
AMENDMENT NO. 2
EXPIRATION DATE: November 1, 2009

Montgomery Corporate Center, Inc.
A California Corporation
C/o CB Richard Ellis
515 South Flower Street, Suite 3100
Los Angeles, CA 90071
Attn: Mike Everly

RECEIVED AND ACCEPTED:
BY: _____
(NAME)
Michael J. Everly
(DATE) Authorized Signatory
May-29. 09

Re: PDI, Inc.

Ladies & Gentlemen:

Effective immediately, we, TD Bank, N. A., successor by merger to Commerce Bank, N.A., hereby amend our Irrevocable Standby Letter of Credit No. 136192040990, as follows:

1. The amount of Letter of Credit is hereby reduced to $300,000.00

2. DELETE Beneficiary address: 865 South Figueroa, Suite 3500, Los Angeles, CA 90017
   ADD Beneficiary address: 515 S. Flower St., Suite 3100, Los Angeles, CA 90071

All other terms and conditions of Letter of Credit to remain the same.

The Beneficiary hereof must show acceptance of this Amendment by signing the enclosed copy of the same and returning such signed copy in the enclosed, preaddressed, postage-paid envelope.

Kindly address all correspondence regarding this Letter of Credit to the attention of our International Department, Letter of Credit Section, 6000 Atrium Way, Mt. Laurel, NJ 08054, mentioning our letter of credit number as it appears above.

Very truly yours,

TD BANK, N. A.

Darleen M. Strieffler
Assistant Vice President



**Bank**
America's Most Convenient Bank®

TD Bank, N.A.
6000 Atrium Way
Mount Laurel, NJ 08054
T: 888-751-9000  F: 856-533-6545
www.tdbank.com

October 25, 2010

IRREVOCABLE LETTER OF CREDIT NO. 136192040990
AMENDMENT NO. 3
EXPIRATION DATE: November 1, 2011

Montgomery Corporate Center, Inc.
A California Corporation
C/o CB Richard Ellis
515 South Flower Street, Suite 3100
Los Angeles, CA 90071
Attn: Mike Everly

Re:   PDI, Inc.

Ladies & Gentlemen:

Effective immediately, we hereby amend our Irrevocable Standby Letter of Credit No. 136192040990, as follows:

1.  The amount of the Letter of Credit is hereby reduced to $150,000.00.

All other terms and conditions of Letter of Credit to remain the same.

The Beneficiary hereof must show acceptance of this Amendment by signing the enclosed copy of the same and returning such signed copy in the enclosed, preaddressed, postage-paid envelope.

Kindly address all correspondence regarding this Letter of Credit to the attention of our International Department, Letter of Credit Section, 6000 Atrium Way, Mt. Laurel, NJ 08054, mentioning our letter of credit number as it appears above.

Very truly yours,

TD BANK, N. A.

*Darleen M. Strieffler*

Darleen M. Strieffler
Assistant Vice President

Pdi 136192040990

RECEIVED AND ACCEPTED:
BY: _____
       (NAME)
       Nov. 4, 2010
       (DATE)